UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami-Dade Division

Case No.: 10-20812-CIV-HUCK/O'SULLIVAN

JEFFREY ROTH, individually

                Plaintiff,

vs.

ROBERT LAWRENCE, individually,
THE CITY OF MIAMI BEACH,
a political subdivision, and THE
GANSEVOORT SOUTH, LLC. d/b/a
GANSEVOORT SOUTH HOTEL SPA
AND RESIDENCES, a Florida Corporation,

                Defendants.
_____/

## CITY OF MIAMI BEACH's MOTION TO DISMISS
## COUNT III OF THE COMPLAINT

Defendant CITY OF MIAMI BEACH (hereinafter "City") hereby moves this Court to

dismiss Count III of the Complaint filed by Plaintiff JEFFREY ROTH (hereinafter "Roth")

because it violates Rule 10(b) of the Federal Rules of Civil Procedure and to require Plaintiff to

provide a more definite statement of his claim.[1]

---

[1] Defendant City's Motion to Dismiss not directed to Count I (*False Arrest*). However, the filing of a Rule 12 motion directed to part of a complaint necessarily suspends the time to respond to the entire complaint. *See* Rule 12(a)(4)(A); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F.Supp.2d 598, 637-638 (N.D.Iowa 2006) ("the language of Rule 12(a) plainly contemplates that a Rule 12(b) motion will extend the time to answer as to all claims, even those not challenged in the Rule 12(b) motion," because, "[i]n multi-claim litigation in which a party mounts a Rule 12(b) challenge to only some of the claims against it, it makes no sense to impose upon the parties some kind of 'dual-track' litigation involving an answer and further proceedings on some claims, while other claims are subject to review on the motion to dismiss. The inefficiencies for both the parties and the court as well as the potential for confusion and unnecessary procedural convolutions posed by such 'dual-track' litigation are obvious.")

## II. MEMORANDUM OF LAW SUPPORTING DISMISSAL OF COUNT III

In addition to Rule 8's requirement that a pleader go beyond legal conclusions to assert facts that, if true, would show the pleader is entitled to relief, *see Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), Rule 10(b) of the Federal Rules of Civil Procedure requires that each legal claim alleged be "limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." Fed.R.Civ.P. 10(b).

A complaint is properly dismissed in our jurisdiction pursuant to Rule 10(b) when: (1) multiple legal claims are pled in one count; (2) the complaint improperly incorporates by reference legal counts into other legal counts; (3) the assertion of one legal claim is improperly incorporated into another claim which alleges a separate violation of the law; or (4) a claim for relief is pled so that it is impossible to tell whether state or federal claims are being asserted and/or what defenses are appropriately raised in response. Unfortunately, Count III of Roth's complaint adopts several of these improper pleading practices.

Notwithstanding the Eleventh Circuit's repeated admonishment that complaints be "simple, concise and direct," as indicated by its title, Count III impermissibly combines state common law claims for battery against two different Defendants – the City of Miami Beach and the Ganesvoort South, LLC. *See Compl.*, Count III, p. 4, ¶¶38-43. To complicate matters further, based on the scant facts provided in the "Facts" section of the Complaint, it is unclear whether Plaintiff's claims intend to assert simple common law battery claims, as would be indicated by the title of Count III, or claims for battery by a police officer, *i.e.*, excessive force, or both against both Defendants. Further, Paragraphs 40 and 41 allege generally that Defendant Lawrence was "employed" by both the City and the Gansevoort and that he acted "within the

"course and scope of  employment" with both employers, but it is impossible to distinguish Plaintiff's claims against either Defendant based on the manner in which Plaintiff's "battery" claim is pled.

Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Plaintiff Roth's Complaint is not expected to frame a responsive pleading. *See Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996); *see also, Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955 (11th Cir. 2008); *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), *cert. denied* 113 S.Ct. 1586 (1993); *Dennis v. City of North Miami*, No. 07-22126, 2008 WL 783737, *4 (S.D.Fla. Mar. 21, 2008) (motion to dismiss granted where plaintiff's complaint asserted multiple legal claims in one count such as "Count 6: Malicious Abuse of Process, False Arrest and False Imprisonment"). Rather, the City must move the Court, pursuant to Rule 12(e), to require Roth to file a more definite statement. *Id.*

Where, as here, the plaintiff potentially asserts multiple claims for relief against multiple defendants, a more definite statement should be required because separate claims for relief in separate counts, as required by Rule 10(b), will provide the clarity and precision needed for the City to discern Roth's claims and frame a responsive pleading. Moreover, the Court will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." *Anderson,* 77 F.3d at 366-67, quoting *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984).

As a result of the confusing and overly generalized manner in which Plaintiff Roth has chosen to plead his battery claim, Defendant City is unable to assert appropriate and specific defenses to Roth's claim because it is impossible to ascertain the actual basis for it. Defendant's

inability to ascertain the claims against it or to determine legal arguments in defense requires the dismissal of Count III. *See Anderson*, 77 F.3d at 366. Because Count III of Roth's Complaint violates Rule 10(b), it should be dismissed and separate, more definite claims required.

Respectfully submitted,

JOSE SMITH, CITY ATTORNEY
CITY OF MIAMI BEACH
1700 CONVENTION CENTER DR., 4TH FL
MIAMI BEACH, FLORIDA 33139
TELEPHONE: (305) 673-7470
FACSIMILE: (305) 673-7002

By: /s/ Kimberly A. McCoy_____

DONALD M. PAPY
Chief Deputy City Attorney
Florida Bar No. 204471
yamilexmorales@miamibeachfl.gov

KIMBERLY A. McCOY
Senior Assistant City Attorney
Florida Bar No. 153729
kimberlymccoy@miamibeachfl.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Kimberly A. McCoy_____
KIMBERLY A. McCOY
Senior Assistant City Attorney
Florida Bar No. 153729

4

## SERVICE LIST
**Roth v. City of Miami Beach,** *et al.*
Case No.: 10-20812-CIV-HUCK/O'SULLIVAN
United States District Court for the Southern District of Florida

*On Behalf of Plaintiff*
**Alan J. Greenstein, Esq.**
agreenstein@chavez-deleon.com
Chavez & Deleon, P.A.
5975 Sunset Drive, Suite 605
South Miami, Florida 33143
Attorneys for Plaintiff
305-740-5347
305-740-5348
*Sent Via Electronic Filing*

*On Behalf of Defendants City of Miami Beach and Robert Lawrence*
**Donald Mark Papy, Chief Deputy City Attorney**
yamilexmorales@miamibeachfl.gov
**Kimberly A. McCoy, Sr. Assistant City Attorney**
kimberlymccoy@miamibeachfl.gov
CITY OF MIAMI BEACH
1700 Convention Center Drive, 4th Floor
Miami, Florida 33139-2032
305-673-7470
305-673-7002 (fax)
*Sent Via Electronic Filing*

*On Behalf of Defendant Ganesvoort South, LLC*
Robert V. Fitzsimmons
bfitzsimmons@rumberger.com
Manuel S. Hiraldo
mhiraldo@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida 33101
Telephone: (305) 358-5577
Fax: (305) 371-7580
*Sent Via Electronic Filing*