UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 10-20812-Civ-Huck

JEFFREY ROTH, individually,

      Plaintiffs,

vs.

ROBERT LAWRENCE, individually,
THE CITY OF MIAMI BEACH, a
Political subdivision, and THE
GANSEVOORT SOUTH, LLC d/b/a
GANSEVOORT SOUTH HOTEL SPA
AND RESIDENCES, a Florida Corporation,

      Defendants.
_____/

### DEFENDANT THE GANSEVOORT SOUTH, LLC'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, The Gansevoort South, LLC d/b/a Gansevoort South Hotel Spa and Residences, (hereinafter "Gansevoort"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1 of the Rules of the District Court for the Southern District of Florida, hereby seeks dismissal of Count III of Plaintiff's Complaint for failure to state a claim upon which relief can be granted and in support thereof states:

### BACKGROUND

On January 1, 2009, Plaintiff was a guest at the Gansevoort Hotel. D.E. 1 at ¶ 8. Plaintiff claims that a personal emergency required him to return to his room in order to speak with his wife. D.E. 1 at ¶ 9. Plaintiff attempted to use to the hotel's elevators to return to his room, but the elevator area was overcrowded with partygoers. D.E. 1 at ¶ 10. Plaintiff

approached and attempted to explain his situation to an off-duty police officer for the City of Miami Beach, Officer Robert Lawrence. D.E. 1 at ¶ 10. Plaintiff alleges that Officer Lawrence responded to his request by speaking to him in a "nasty tone" and by pushing, throwing, hitting and/or jumping on Plaintiff. D.E. 1 at ¶¶ 12 – 15. Officer Lawrence ultimately arrested Plaintiff, and Plaintiff was taken to the Miami-Dade County Jail. D.E. 1 at ¶¶ 16 – 19.

As discussed further below, Count III of Plaintiff's Complaint should be dismissed on two grounds. First, internal inconsistencies in Plaintiff's Complaint mandate dismissal pursuant to controlling case law and the Federal Rules of Civil Procedure. Specifically, Plaintiff's Complaint alleges that at the time of the incident, Officer Lawrence was acting "under the color of state law." However, Plaintiff's Complaint also alleges that Officer Lawrence was acting within the course and scope of his employment with the Gansevoort. These internal inconsistencies are fatal to Plaintiff's Complaint and warrant dismissal. Second, Plaintiff's Complaint, on its face, establishes that Officer Lawrence was not acting to further the interests of the Gansevoort, and therefore not acting within the alleged course and scope of his employment with the Gansevoort at the time of the incident. As such, Count III of Plaintiff's Complaint must be dismissed.

## STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must consider the allegations in the complaint as true, and accept all reasonable inferences therefrom. *In re West Caribbean Airways Crew Members*, 2009 WL 899961 (S.D. Fla. March 30, 2009)(citing *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir. 1994)). "In practice, to adequately state a claim, 'plaintiffs must do more than state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.'" *Id.* (quoting *Jackson v.*

*BellSouth Telecomms.,* 372 F.3d 1250, 1263 (11th Cir. 2004)). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.*

The United States Supreme Court recently expanded upon the standard of review on a 12(b)(6) motion to dismiss in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In *Ashcroft*, the Court explained that while it "must accept as true all of the allegations in the complaint when ruling on a motion to dismiss, this principle does not apply to legal conclusions." *Id.*  "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.

The Court further explained that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949.  Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard is not similar to a "probability requirement," but instead asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  If the complaint pleads facts "merely consistent with" liability, then the allegations "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 1950.

**MEMORANDUM OF LAW**

### I. Internal Inconsistencies in Plaintiff's Complaint Warrant Dismissal.

Internal inconsistencies in Plaintiff's Complaint regarding whether Officer Lawrence was acting under the color of state law or as an employee of the Gansevoort warrant dismissal of Count III of Plaintiff's Complaint. The case of *McMahon v. City of Riviera Beach*, 2008 WL 4108051, *3 (S.D. Fla. 2008) is directly on point and supports the Gansevoort's Motion to Dismiss. *McMahon* was brought as a result of an alleged wrongful arrest and battery by an off-duty police officer for the City of Riviera Beach, Florida. *See id*. at *1. At the time of the alleged wrongful arrest and battery, the officer was providing security services for the Beach Place Hotel. *See id*. Plaintiff brought several counts against the Beach Place Hotel, including battery. *See id*.

Plaintiff in *McMahon* alleged that the off-duty officer was acting within the course and scope of her employment with the Beach Place Hotel at the time of the wrongful arrest and battery. *See id*. at *2. However, plaintiff also alleged that the off-duty police officer's "acts were performed under the color of the statutes and ordinances of the State of Florida and [Riviera Beach]." *Id*. at *3. Plaintiff's allegation that the off-duty officer's acts were performed under the color of state law was incorporated into every count against the Beach Place Hotel. *Id*. The court ultimately held that this internal inconsistency in plaintiff's amended complaint was fatal and warranted dismissal of plaintiff's amended complaint. *Id*. In granting Beach Place Hotel's motion to dismiss, the court reasoned:

> Rule 8(a)(3) allows a pleading to demand "relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a)(3). However, when reviewing a motion to dismiss, a court is not required to "accept factual claims that are internally inconsistent."

*Id*. (quoting Campos *v. Immigration & Naturalization Serv.,* 32 F.Supp.2d 1337, 1343 (S.D.Fla.1998)).

In this case, Plaintiff alleges that Officer Lawrence "was employed by the City of Miami Beach as a police officer and was acting within the scope and agency of his employment and **acting under the color of state law**." D.E. 1 at ¶ 4 (emphasis supplied). This allegation is realleged and incorporated by Plaintiff into Count III (Battery) against the Gansevoort. In Count III, Plaintiff alleges that at the time of the alleged battery, Officer Lawrence was acting within the "course and scope of his employment as a City of Miami Beach Police Officer," **and** "within the scope of his employment with the Gansevoort South, LLC." D.E. 1 at ¶¶ 40 and 41.

In other words, Plaintiff's Complaint inconsistently alleges that Officer Lawrence was acting as an employee of the City of Miami Beach and under the color of state law, **and** as an employee of the Gansevoort. Certainly Officer Lawrence could not have been acting under the color of state law and as an employee of the Gansevoort. Pursuant to *McMahon* and Rule 8(a)(3), this Court is should dismiss Plaintiff's Complaint as a result of these internal inconsistencies.

**II. Officer Lawrence was not Acting Within the Course and Scope of his Employment With the Gansevoort at the Time of the Incident.**

Plaintiff's Complaint, on its face, establishes that Officer Lawrence was not acting to further the interests of the Gansevoort, and therefore was not acting within the alleged course and scope of his employment with the Gansevoort at the time of the incident. According to Plaintiff, in response to Plaintiff's request for assistance with a personal emergency, Officer Lawrence responded by speaking to Plaintiff "in a nasty tone." D.E. at ¶ 12. Plaintiff further alleges that Officer Lawrence, without provocation, responded by pushing, hitting, throwing, and/or jumping on Plaintiff. D.E. at ¶¶ 13 – 15. Assuming for purposes of this motion that this alleged behavior

by Officer Lawrence did in fact occur, this conduct clearly did not serve to further the interests of the Gansevoort.

Under Florida law,

> [a]lthough the scope of employment is considerably broader than explicitly authorized acts of the employee, it does not extend to cases in which the **servant has stepped aside from his employment to commit a tort which the master neither directed in fact, nor could be supposed, from the nature of his employment, to have authorized or expected the servant to do**.

*Muegge v. Heritage Oaks Golf and Country Club, Inc.*, 2006 WL 1037096, *5 (M.D. Fla. 2006) (quoting *Carter v. America Online, Inc.,* 208 F.Supp.2d 1271, 1279 (M.D.Fla.2001))(emphasis supplied).

In the case at hand, Plaintiff does not, and cannot, allege that the Gansevoort directed Officer Lawrence to commit the alleged battery.  Furthermore, it cannot be supposed from the nature of Officer Lawrence's employment that the Gansevoort would have authorized or expected Officer Lawrence's alleged conduct, to wit, the unprovoked battery of a hotel guest.  In other words, Plaintiff's Complaint alleges conduct by Officer Lawrence that was clearly not within the alleged course of his employment with the Gansevoort.  As alleged by Plaintiff, Officer Lawrence's "job was to protect and preserve the property of the Gansevoort as well as maintain order on their premises." D.E. at ¶ 41.

There are no allegations in Plaintiff's Complaint that establish that Officer Lawrence was acting to further the interest of the Gansevoort at the time of the alleged incident.  Plaintiff's Complaint essentially alleges an unprovoked attack by Officer Lawrence on Plaintiff.  As such, Plaintiff's Complaint, on its face, demonstrates that Officer Lawrence was not performing his "job" because he was not protecting or preserving the Gansevoort's property, or maintaining order on the Gansevoort's premises.

## **CONCLUSION**

Internal inconsistencies in Plaintiff's Complaint mandate dismissal of Count III. Plaintiff's Complaint alleges that Officer Lawrence was acting under the color of state law, but also alleges that Officer Lawrence was acting within the course and scope of his employment with the Gansevoort. These inconsistencies are fatal to Plaintiff's claim against the Gansevoort. Further, Plaintiff's Complaint establishes that Officer Lawrence was not acting within the course and scope of his employment at the time of the alleged incident, because he was not furthering the interests of the Gansevoort.

**WHEREFORE**, Defendant, The Gansevoort South, LLC d/b/a Gansevoort South Hotel Spa and Residences, respectfully requests this court to enter an order dismissing Count III of Plaintiff's Complaint and such further relief as this Court deems just and appropriate.

Respectfully submitted,

s/ *Manuel S. Hiraldo*
ROBERT V. FITZSIMMONS
Florida Bar No. 0355739
MANUEL S. HIRALDO
Florida Bar No. 0030380
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

E-Mail:  mhiraldo@rumberger.com
Attorneys for Defendant Gansevoort South, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Alan Judah Greenstein, agreenstein@chavez-deleon.com;** and **Kimberly Anne McCoy, kimberlymccoy@miamibeachfl.gov.**

       s/ *Manuel S. Hiraldo*
ROBERT V. FITZSIMMONS
Florida Bar No. 0355739
MANUEL S. HIRALDO
Florida Bar No. 0030380
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

E-Mail:  mhiraldo@rumberger.com
Attorneys for Defendant Gansevoort South, LLC